UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PAUL BLACET,
    Plaintiff,

v.      07-1192

ROBERT HUSTON, et. al.
    Defendants.

MEMORANDUM OPINION AND ORDER

    Before the court is the defendants, Earl Helm and Robert Huston's unopposed summary judgment motion brought pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D). Defendants move for an order entering summary judgment in favor of the defendants, Helm and Huston on the ground that there is no genuine issue of material fact and that they are entitled to summary judgment as a matter of law. The defendants assert that the undisputed material facts, admissions of the Plaintiff and established facts in the case demand summary. Defendants further assert that the plaintiff has not alleged and can not show that the defendants personally engaged in any kind of conduct that deprived him of a federal or constitutional right as is necessary for a triable issue to exist in a case where the defendants are named in their individual capacities.

**Standard**

    Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

    "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

1

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

**Undisputed Material Facts**

1. Defendants are being sued in their individual capacities only. (*See* the court's Text Order issued January 11, 2008)
2. Plaintiff was a pre-trial detainee at the Tazewell County Jail. (*See* Plaintiff's Complaint at p. 13, 17 of ECF Document [12])
3. Plaintiff requested to see a doctor at the Tazewell County Jail to address dental complaints. (*See* Plaintiff's Complaint at p. 13 of ECF Document [12])
4. A medical physician examined Plaintiff at the Tazewell County Jail. (*See* Plaintiff's Complaint at p. 13 of ECF Document [12])
5. A medical physician prescribed medication for Plaintiff. (*See* Plaintiff's Complaint at p. 13 of ECF Document [12])
6. Plaintiff has been examined by a nurse at the Tazewell County Jail. (*See* Plaintiff's Complaint at p. 13, 14, 16, 17 of ECF Document [12])
7. Plaintiff's complaints and request for medical care were forwarded to medical staff for review. (*See* Plaintiff's Complaint at p. 15 of ECF Document [12])
8. Requests for medical care are subject to the professional evaluation of a medical doctor. (*See* Plaintiff's Complaint at p. 16 of ECF Document [12])

**Discussion and Conclusion**

The plaintiff indicates that he was detained at the Tazewell County Jail as a pre-trial detainee during the period of the incidents he complains about. Consequently, the plaintiff's complaints regarding his conditions of confinement are assessed under the Fourteenth Amendment rather than the Eighth Amendment. The Fourteenth Amendment of the U.S. Constitution applies to pre-trial detainees rather than the Eighth Amendment in the context of prisoner conditions of confinement. The Eighth Amendment right to be free from cruel and unusual punishment is applicable only to those who have been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979). Pre-trial detainees may not be punished prior to an adjudication of guilt with due process of law. *Id*. at 535. Consequently, just as courts do in addressing a claim that falls under the Eighth Amendment for cruel and unusual punishment, "when assessing the constitutionality of the conditions or restrictions of pretrial detention," courts must first determine "whether the conditions allegedly encountered by the detainee amounted to punishment." *Id*. at 536-37, 99 S.Ct. 1861.

When making a claim under the Fourteenth Amendment, the plaintiff must show the following: (1) That the harm to the plaintiff was objectively serious; and (2) that the official was deliberately indifferent to her health or safety. *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). Stated otherwise, "to prevail on a Fourteenth Amendment claim, plaintiff must prove both that defendants acted with deliberate indifference to plaintiff's needs (the subjective component), and that the alleged deprivations were sufficiently severe to rise to the level of a constitutional violation (the objective component)." *McComb v. Sheahan*, 1994 WL 568693 (N.D. Ill) citing *Hines v. Sheahan,* 845 F.Supp. 265, 1267 (N.D.Ill.1994) (citing *Wilson,* 111 S.Ct. at 2324). The plaintiff cannot meet this standard based on his own allegations; therefore no genuine issue of material fact exists in this case.

For a pretrial detainee to state a claim against jail officials under the Fourteenth Amendment for deliberate indifference to a serious medical need, the plaintiff must be able to not only a serious medical need and deliberate indifference on the part of the defendant but also must establish that the deliberate indifference of the officials caused an actual injury. The plaintiff must be able to establish not only that the defendants had a duty and breached the duty but that defendant caused an actual injury. *Garza v. Henderson,* 779 F.2d 390, 395 (7th Cir.1985). The pllaintiff must show an actual injury resulted from the alleged acts or policies. *Walker*, 233 F.3d at 502. *See also Kearney v. J.Evans*, 2006 WL 3487347 (N.D. Ind. 2006) citing *Walker*. The plaintiff is required to "demonstrate both that he has suffered an actual present injury and that there is a causal connection between that injury and the deprivation of a constitutionally protected right caused by the defendant." *Henderson v. Sheahan*, 196 F.3d 839, 848 (7th Cir. 1999). Even if the plaintiff were able to show that he has been deprived of a constitutionally protected right, he has not shown any actual injury with a causal connection to the conduct of the defendants.

None of the plaintiff's claims include any specific conduct by Earl Helm or Robert Huston. The doctrine of respondeat superior does not apply in Section 1983 suits, so the plaintiff would have to allege personal acts of supervisory officials to establish any liability on their part. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). The plaintiff does not allege that any person personally took any action that violated any federal or constitutional rights. To be liable under Section 1983, a person must be personally responsible for the deprivation of which the plaintiff complains. *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir.2006); *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir.1996); *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995).

Specifically, the plaintiff does not allege that the defendants, Helm and Huston personally took any action of any kind of which the plaintiff complains. The plaintiff never alleges that the defendants personally knew of a medical need and denied him needed medical treatment of any kind or disregarded a medical need. The defendants have presented affidavits indicating that they, in fact, did not personally take any action in the provision or denial of any medical care to the plaintiff and that the medical care and medical evaluations and medical recommendations and

3

treatment were handled by trained medical professionals. (*See* Exhibits A and B [25]). The defendants have submitted affidavits that indicate they did not personally take any action that would have violated any constitutional right of the plaintiff and did not have the authority or professional qualifications to make any decisions regarding the medical care or evaluation of the plaintiff or any of his alleged medical needs (*See* Exhibits A and B [25]).

The defendant, Huston's affidavit indicates not only that he performed no act regarding the provision or denial of medical or dental care to the plaintiff but that he has never even met the plaintiff (*See* Exhibit A [25]). Huston indicates that he has never received nor reviewed any request for any kind of care from the plaintiff nor are such acts normally a practiced by him as sheriff (*See* Exhibit A [25]). Huston indicates in his affidavit that he has never known of a medical or dental need of the plaintiff or denied care for such a need (*See* Exhibit A [25]). Huston's affidavit indicates that he never even knew of or denied medical or dental care to the plaintiff let alone denied care with deliberate indifference to a serious medical need (*See* Exhibit A [25]). Huston was not deliberately indifferent to any serious medical need of the plaintiff and there is no genuine issue of material fact as to whether he acted in such a way that could potentially violate any constitutional right of the plaintiff. The plaintiff's own complaint does not allege any action that Huston committed to violate a constitutional right. The plaintiff merely accuses the sheriff of failing to have a "plan for the County Jail" for the plaintiff to "have dental care or emergency dental provisions." (*See* Plaintiff's Complaint at pg. 6). Plaintiff merely complains of the sheriff's policy and does not allege that the sheriff personally took any action regarding the provision or denial of medical or dental care.

Helm's affidavit acknowledges that he received requests from the plaintiff for dental or medical care (*See* Exhibit B [25]). However, his affidavit indicates that those requests were forwarded to professional medical staff with which Tazewell County has a contract for the provision of medical care to jail detainees (*See* Exhibit B and Exhibit C [25]). Superintendent Helm's affidavit indicates that he never denied a request for medical or dental care and that all determinations regarding the care and treatment of detainees are left to the professional judgment of medical staff (*See* Exhibit B [25]). Superintendent Helm indicates that all treatment recommended by medical professional for the plaintiff was administered by medical professionals and that the plaintiff was examined numerous times by doctors and nurses during his detainment at the Tzewell County Jail (*See* Exhibit B [25]). Helm indicates that he has never refused any medical treatment for Plaintiff (*See* Exhibit B 25]). The plaintiff's own complaint never alleges that Helm committed any act to deny medical or dental care. The plaintiff does not allege that Helm refused him medical care or intruded upon the provision of medical care. The plaintiff's complaint does not allege that Helm committed any act that would constitute a constitutional violation. Plaintiff admits that Defendant Helm suggested that the Plaintiff be evaluated by a doctor and Plaintiff admits that he was provided medical care (*See* Complaint at p. 7 of ECF Document [12]). As indicated in Helm's affidavit, Helm does not provide medical treatment or approve medical treatment but rather all medical determinations and treatment is reasonably left to the judgment and discretion of trained medical professionals (*See* Exhibit B [25]). Once the medical care Plaintiff admits he was provided was provided, the

course of treatment, if any, was properly and reasonably left to the judgment of a medical professional.

If the plaintiff was denied any kind of medical or dental care, the pleadings and affidavits indicate that the denial was not because of any act committed on the part of the Helm or Huston. Because Helm and Huston were not personally responsible for the alleged deprivation of any federal or constitutional right of which the plaintiff complains summary judgment is appropriate with regard to any claims made against these defendants in their individual capacities. Because the defendants are sued in this case in their individual capacities only, defendants are entitled to summary judgment regarding all matters currently pending against them in this case.

When making a claim under the Fourteenth Amendment, the plaintiff must show that the official was deliberately indifferent to her health or safety. *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). Stated otherwise, "plaintiff must prove that the defendants acted with deliberate indifference to plaintiff's needs" *McComb v. Sheahan*, 1994 WL 568693 (N.D. Ill) citing *Hines v. Sheahan,* 845 F.Supp. 1265, 1267 (N.D.Ill.1994) (citing *Wilson,* 111 S.Ct. at 2324). As indicated above, the defendants did not commit any act that denied the plaintiff medical or dental treatment. Consequently, they could not have been deliberately indifferent to a serious medical need. Not only did the defendants not personally commit any act that violated the plaintiff's rights as indicated above but also, to the extent that they did act at all, the defendants did not act with deliberate indifference. Deliberate indifference is defined as "a total unconcern for the plaintiff's welfare in the face of serious risks or a conscious culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Deliberate indifference is characterized as a disregard for the prisoner's safety and condition and is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Actions and conduct are deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Negligence alone is not enough to give rise to a constitutional violation. Deliberate indifference requires an indication that an official had knowledge of a substantial risk of serious harm and consciously disregarded it. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). The U.S. Supreme Court and 7th Circuit have adopted a subjective test for deliberate indifference. A plaintiff cannot show deliberate indifference and the defendant can not be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw that inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); see also *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

The plaintiff's complaint, even accepted as true, can not create a genuine issue of material fact. The plaintiff does not allege and cannot show deliberate indifference, the subjective component of a Fourteenth Amendment Claim. Huston's affidavit indicates not only that he performed no act regarding the provision or denial of medical or dental care to the

5

plaintiff, but that he has never even met the plaintiff (*See* Exhibit A [25]). Sheriff Huston indicates that he has never received nor reviewed any request for any kind of care from the plaintiff nor are such acts
normally practiced by him as Sheriff (*See* Exhibit A [25]). Sheriff Huston indicates in his affidavit that he has never known of a medical or dental need of the plaintiff or denied care for such a need (*See* Exhibit A [25]). Sheriff Huston never even knew of or denied medical or dental care to the plaintiff let alone denied care with deliberate indifference to a serious medical need (*See* Exhibit A [25]). Sheriff Huston was not deliberately indifferent to any serious medical need of the plaintiff and there is no genuine issue of material fact as to whether he acted in such a way that could potentially violate any constitutional right of the plaintiff. Helm's affidavit acknowledges that he received requests from the plaintiff for dental or medical care (*See* Exhibit B [25]). However, his affidavit indicates that those requests were forwarded to professional medical staff with which Tazewell County has a contract for the provision of medical care to jail detainees (*See* Exhibit B [25]). Superintendent Helm's affidavit indicates that he never denied a request for medical or dental care and that all determinations regarding the care and treatment of detainees are left to the professional judgment of medical staff (*See* Exhibit B [25]).

Where an inmate has been seen by a doctor, non-medical jail officials are not held liable. If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Superintendent Helm indicates that the plaintiff was examined numerous times by doctors and nurses during his detainment at the Tazewell County Jail and that all treatment recommended and determined by those doctors and nurses was administered to the plaintiff by medical professional staff (*See* Exhibit B [25]). Superintendent Helm indicates that he has never refused any medical treatment for Plaintiff (*See* Exhibit B [25]).
Plaintiff's own complaint alleges that Helm suggested that the plaintiff be provided an evaluation by a doctor and the plaintiff admits that he was provided such medical care and evaluation and admits that he was given medication (*See* Plaintiff's Complaint at p.13, 14, 16, 17 of ECF Document [12]). The plaintiff merely complains that the care provided and medication prescribed was not adequate. The plaintiff does not allege that the defendants refused him medical care or interfered with proper medical care, but rather that the medical care he received was not up to his expectations. The plaintiff is not constitutionally entitled to determine his own course of treatment. A difference in opinion between an inmate and the treating physician as to the proper course of treatment or whether any course of treatment is required does not constitute a constitutional violation. A physician is not required to give in to the demands of the inmate. *Mojet v. Transport Driver*, 2006 WL 3392944 (N.D. Ind. 2006) A medical decision to not perform some test or conduct medical care of some kind is not cruel and unusual punishment but is, at the most, medical malpractice. *Higgins v. Correctional Medical Services of Illinois, Inc.*, 178 F.3d 508, 513 (7th Cir. 1999). The plaintiff himself admits that his complaints are for

medical malpractice and complains of the medical treatment he received, not that he was improperly denied medical care with deliberate indifference. (*See* Plaintiff's Complaint at p. 17 of ECF Document [12]). The defendants, Helms and Huston are not physicians. As indicated in the defendants' affidavits, they do not provide medical treatment or approve medical treatment but rather refer requests for medical treatment to medical personnel. Medical determinations and any courses of treatment or procedures are left to the judgment and discretion of trained medical professionals. Even if the plaintiff's allegations are accepted as true and the medical treatment provided for him by jail professional medical staff was not the medical treatment he desired, such allegations do not constitute deliberate indifference on the part of the defendants. Both Huston and Helm indicate that they acted with due care and reasonably. The defendants had no reason to believe that the plaintiff's care was not completely appropriate as determined by the doctor and nurses that examined the plaintiff.

Not only were the defendants reasonable to believe that the plaintiff was under the adequate care of medical professionals, but Tazewell County's contractual agreement with Health Professionals, Ltd. to provide medical services at the jail is for the specific purpose of providing detainees with the expertise and evaluation of trained medical professionals. *See* contractual agreement attached as Exhibit C [25]. The medical care and treatment of the plaintiff at the Tazewell County Jail was reasonably placed in the hands of doctors and nurses- trained medical professionals. The defendants' affidavits and the plaintiff's own complaint indicates that the plaintiff's medical care and treatment and evaluations were completed by medical staff and no treatment was directed or denied by the defendants in any way. The pleadings and affidavits indicate that the defendants did not act with any indifference and certainly not deliberate indifference. The pleadings, admissions and affidavits in this case indicate that the defendants did not act with deliberate indifference and that the defendants are therefore entitled to summary judgment as to all matters in this case. Because the defendants did not act with deliberate indifference, summary judgment is appropriate in this case and must be granted in favor of the defendants.

For the foregoing reasons, the plaintiff fails to raise a genuine issue of material fact or any triable issue. The defendants, Helms and Huston were not deliberately indifferent to any known serious medical need of the plaintiff and can not be held liable in either an individual or official capacity. Consequently, the defendants are granted summary judgment in their favor.

**It is therefore ordered:**

1. Pursuant to Fed. R. Civ. Pro. Rule 56(c), the defendant's motion for summary judgment is granted [25]. The clerk of the court is directed to enter judgment in favor of the defendants, Huston and Helm and against the plaintiff at the close of this case.
2. If the plaintiff wishes to appeal this order, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.

Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 5th day of February 2009.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge
